**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| FRANK PORTER, ) | |
| ) | |
| Plaintiff, ) | Case No: 2:19-cv-00178 |
| ) | |
| v. ) | Removed from the Vigo Superior Court of |
| ) | Vigo County, Indiana, Cause No. |
| DAVOL INC. and C.R. BARD, INC., ) | 084D03-1903-CT-002009 |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |
| ) | |

**NOTICE OF REMOVAL BY DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants C.R. Bard, Inc. and Davol Inc. (collectively "Defendants") hereby remove this action from the Vigo Superior Court of Vigo County, Indiana, to the United States District Court for the Southern District of Indiana, Terre Haute Division based on diversity jurisdiction under 28 U.S.C. § 1332. In support of removal, Defendants state as follows:

1. Plaintiff Frank Porter has filed a product liability and negligence action against Defendants in the Vigo Superior Court of Vigo County, Indiana, Case No. 84D03-1903-CT-002009 ("Complaint"). (*See* Ex. A, Summons and Complaint.)

2. Defendants received service of the Complaint via Certified Mail on April 9, 2019.

3. Defendants are filing this Notice of Removal within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b)(1).

4. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332. This action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in

controversy herein exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Although Defendants deny Plaintiff's claims, and although Plaintiff's Complaint does not specify a precise amount in controversy, Defendants believe in good faith that more than $75,000.00 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims against Defendants sound in product liability and seek recovery for injuries allegedly caused by a defective medical device, Ventralex Mesh, that was allegedly manufactured and sold by Defendants and used in Plaintiff's abdominal hernia repair. (See Compl. ¶¶ 10.) Plaintiff alleges that due to his use of the Ventralex Mesh, Plaintiff has sustained personal injuries and incurred medical expenses. (See *id.* ¶ 11.) Plaintiff alleges that these injuries and damages will continue into the future. (See *id.*)

6. The amount-in-controversy requirement is met here, because the severity of and the types of injuries alleged in Plaintiff's Complaint make it "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993) (medical device product liability complaint alleging similar injuries and seeking similar compensation satisfies amount-in-controversy for federal diversity jurisdiction); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding that the amount in controversy to be satisfied where

Plaintiff alleged economic loss, medical and health expenses, and claimed serious medical conditions); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (same).

7. The requirement that this be a civil action between citizens of different states for establishing diversity jurisdiction under 28 U.S.C. § 1332 is also met here. The Complaint is for a civil action, and the named Plaintiff is a citizen of Indiana. (*See* Ex. A, Compl. ¶ 1.)

8. Defendant Davol Inc. is a Delaware Corporation, and Davol Inc.'s principal offices are located in Warwick, Rhode Island. Accordingly, Davol Inc. is a citizen of Delaware and Rhode Island. See 28 U.S.C. § 1332(c)(1).

9. Defendant C.R. Bard, Inc. is a New Jersey Corporation, and C.R. Bard's offices are located in Franklin Lakes, New Jersey. Accordingly, C.R. Bard, Inc. is a citizen of New Jersey. Davol Inc., C.R. Bard, Inc. and Plaintiff are citizens of different states. See 28 U.S.C. § 1332(c)(1).

10. Attached as Ex. A is "a copy of all process, pleadings, and orders" served upon Davol in this action, as required by 28 U.S.C. § 1446(a).

11. A copy of this Notice of Removal will be filed with the Vigo Superior Court, Vigo County, Indiana and served upon Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

12. Venue is proper in this judicial district and division, in that the Vigo Superior Court of Vigo County, Indiana is within the Southern District of Indiana, Terre Haute Division.

WHEREFORE, Davol Inc. and C. R. Bard, Inc. respectfully remove this action to the United States District Court for the Southern District of Indiana.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205
(317) 920-0400

*Attorney for Defendants Davol Inc. and C.R. Bard, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of this Notice of Removal by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Eric A. Frey
401 Ohio Street, Suite B13
Terre Haute, IN 47807
Freylaw@aol.com

This 15th day of April, 2019.

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney

DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205